JAMES B. POSEY, Appellant, *vs.* THE COMMISSIONERS OF HIGHWAYS *et al.* Appellees.

*Opinion filed June 16, 1914.*

FREEHOLD—*when question of location of highway does not involve a freehold.* If there is no dispute as to the existence and width of a public highway but the only question is the true location of the highway no freehold is involved.

APPEAL from the Circuit Court of Marion county; the Hon. JAMES C. MCBRIDE, Judge, presiding.

KAGY & VANDERVORT, for appellant.

CHARLES H. HOLT, and W. G. WILSON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Marion county by appellant to enjoin the commissioners of highways of Omega township, in said county, and one W. J. Spencer, a rural mail carrier, from trespassing on his land by changing, or attempting to change, the lines of highways thereon and using the highways as so re-located; also to enjoin said commissioners from prosecuting a common law suit then pending against appellant in said court for the alleged obstruction of said highways as re-located. Two roads are involved,—one running north and south and the other east and west, intersecting the north and south road. The circuit court entered a decree granting the relief prayed as to the north and south road in question but denying the relief as to the east and west road; also refusing to enjoin the

common law suit and ordering that each party pay his own costs. The cause was then appealed to this court.

James B. Posey, the appellant, is the owner of eighty acres of land in Omega township, which came to him from his mother, who had lived on the land, or a part thereof, since 1880. The land was composed of two twenty-acre tracts, one lying north of the other, and a forty-acre tract lying west of the south twenty-acre tract. Along the north side of the forty-acre tract, and running between the two twenty-acre tracts, is an east and west road. Along the west side of the two twenty-acre tracts is a north and south road. The northwest corner of the forty-acre tract is the center of the section, and the east and west road runs on or near the line dividing the section into quarters, while the north and south road runs on or near the line dividing the north-east quarter of said section into east and west halves. As to whether the center of the roads as laid out a number of years ago by the commissioners, and as the roads now exist, are or were intended to be on the exact lines in question was disputed in the trial court.

Neither party questions the decree here as to the north and south road. The only controversy is as to the location of the east and west road. Both parties concede the existence of the road—a perpetual easement forty feet in width. The sole question is the actual location of such easement. That depends, not upon the question of title or ownership of the property or easement in the public, but upon the determination of the true boundary line between appellant's land and the road. A freehold, under our decisions, is therefore not involved in this cause. *Keating* v. *Hayden,* 132 Ill. 308; *Road District* v. *Miller,* 156 id. 221; *People* v. *West Chicago Street Railroad Co.* 203 id. 551.

This court is without jurisdiction. The cause will be transferred to the Appellate Court for the Fourth District.

*Cause transferred.*